The Honorable Armil O. Curran State Representative 210 West Main Street Clarksville, AR 72830-3010
Dear Representative Curran:
This is in response to your request for an opinion regarding Act 420 of 1997 which amended, inter alia, A.C.A. § 4-9-404(3) with respect to the uniform fee for filing and indexing a termination statement under the Uniform Commercial Code — Secured Transactions. You state that some clerks are charging a fee for filing a termination statement based upon the number of pages of the original financing statement. You have asked whether the fee should be based, instead, upon the number of pages in the termination statement.
It is my opinion that the fee should be based upon the number of pages in the termination statement rather than the financing statement. Subsection (3) of § 4-9-404, as amended by Act 420, now states:
 The uniform fee for filing and indexing a termination statement including sending or delivering the financing statement shall not exceed six dollars ($6.00) for the first page and two dollars ($2.00) for each and every page or exhibit thereafter, up to a maximum fee of one hundred ($100). However, this fee shall be collected by the filing officer at the time of the initial filing and indexing of the original financing statement.
Act 420 of 1997 added the language authorizing a $2.00 per page charge after the first page. This language clearly applies, in my opinion, to the termination statement, as the fee is charged for "filing and indexing" that document. This language authorizing a $2.00 charge for additional pages or exhibits, up to $100.00, is not unique to the termination statement filing fee, but rather applies to the other filing provisions in Chapter 9 of Title 4. If a termination fee was charged based upon the number of pages of the original financing statement, this would in effect duplicate the financing statement fee. See A.C.A. §4-9-403(5), as amended by Act 420 of 1997. I cannot conclude that the legislature intended such a double fee under § 4-9-404(3).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh